JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAKAR R., an Individual,<br><br>　　　　　　　Plaintiff,<br><br>　　　　v.<br><br>ANDREW M. SAUL, Commissioner of Social Security,<br><br>　　　　　　　Defendant. | Case No.: 5:19-01716 FMO (ADS)<br><br><br><br>ORDER DISMISSING FOR FAILURE TO PROSECUTE |

## I.　**INTRODUCTION**

　　　On September 9, 2019, Plaintiff Shakar R.[1], appearing pro se, filed this civil lawsuit seeking review of a decision of Defendant Andrew M. Saul[2], Commissioner of Social Security's (hereinafter "Commissioner" or "Defendant").  [Docket ("Dkt.") No. 1].

---

[1] Plaintiff's name has been partially redacted in compliance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

[2] On June 17, 2019, Saul became the Commissioner of Social Security. Thus, he is automatically substituted as the defendant under Federal Rule of Civil Procedure 25(d).

1  On September 12, 2019, a Case Management Order was issued.  [Dkt. No. 7].  Pursuant
2  to the Case Management Order, Plaintiff was to serve the summons and complaint on
3  the government promptly in accordance with Federal Rule of Civil Procedure 4(i) and
4  20 C.F.R. § 423.1.  Plaintiff was further ordered to file an appropriate proof of service
5  within thirty (30) days from the date of the Case Management Order.  Accordingly,
6  Plaintiff was to have filed a proof of service of the government having been served with
7  the summons and complaint no later than October 15, 2019.  To date, no proof of service
8  has been filed and no request for an extension has been made.

9       On April 24, 2020, Plaintiff was Ordered to Show Cause in writing why this case
10  should not be dismissed for failure to prosecute and obey Court orders by no later than
11  May 1, 2020.  [Dkt. No. 8].  The Court expressly warned Plaintiff in bold that "Failure to
12  timely file the responses to this OSC with the Court, as directed above, may result in this
13  action being dismissed for failure to prosecute and obey Court orders pursuant to
14  Federal Rule of Civil Procedure 41(b)."  [Id.].  Plaintiff has failed to file any response to
15  the Court's Order to Show Cause, nor has he filed proof of service of the complaint.

16  **II.     FAILURE TO PROSECUTE AND COMPLY WITH COURT ORDERS**

17       As noted above, the Court's Order to Show Cause expressly cautioned Plaintiff
18  that failure to respond would result in a recommendation that the action be dismissed
19  under Federal Rule of Civil Procedure 41(b).  [Dkt. No. 8].  Plaintiff did not respond to
20  the Order.  This failure to respond further evidences a lack of prosecution of the case.
21  See Link v. Wabash R.R., 370 U.S. 626, 629–30 (1962); see also Fed. R. Civ. P. 41(b).
22  That Plaintiff did not respond also demonstrates a failure to comply with Court orders.
23
24

1    In Carey v. King, 856 F.2d 1439 (9th Cir. 1988), the Ninth Circuit cited the
2    following factors as relevant to the Court's determination of whether to dismiss an
3    action for failure to prosecute: "(1) the public's interest in expeditious resolution of
4    litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the
5    defendants; (4) the public policy favoring disposition of cases on their merits, and
6    (5) the availability of less drastic sanctions." Id. at 1440.

7    Upon consideration of the five Carey factors, the Court finds that Plaintiff's
8    failure to prosecute this case and failure to comply with the Court's orders warrant
9    dismissal.  The first two Carey factors—the public's interest in expeditiously resolving
10   this litigation and the Court's interest in managing the docket—weigh in favor of
11   dismissal.  The Court cannot hold this case in abeyance indefinitely awaiting Plaintiff's
12   response to the Court's directive and to file a proof of service of having properly served
13   the summons and complaint on the government.  The third factor, risk of prejudice to
14   Defendant, also weighs in favor of dismissal since a presumption of injury arises from
15   the occurrence of unreasonable delay in prosecuting an action.  Anderson v. Air West,
16   Inc., 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor, the public policy favoring
17   disposition of cases on their merits, is greatly outweighed by the factors in favor of
18   dismissal.  Finally, Plaintiff has already been cautioned of the consequences of failure to
19   prosecute and ordered to show cause why the action should not be dismissed.  No
20   sanction lesser than dismissal is feasible here.  Thus, dismissal of this action is
21   warranted under Federal Rule of Civil Procedure 41(b) and Local Rule 7-12.

**III.    CONCLUSION**

IT IS THEREFORE ORDERED that this action is dismissed pursuant to Federal Rule of Civil Procedure 41(b) and Central District of California Local Rule 7-12.

IT IS SO ORDERED.

Dated:    May 11, 2020                         /s/
                                       THE HONORABLE FERNANDO M. OLGUIN
                                       United States District Judge

Presented by:

  /s/ Autumn D. Spaeth
THE HONORABLE AUTUMN D. SPAETH
United States Magistrate Judge